| | |
|---|---|
| KERRY ROGERS | ) |
| | ) No. 1:06-cr-56/1:12-cv-424 |
| v. | ) *Judge Mattice* |
| | ) |
| UNITED STATES OF AMERICA | ) |

## MEMORANDUM

Kerry Rogers ("Rogers"), a federal inmate, has filed a *pro se* motion for post-conviction relief pursuant to 28 U.S.C. § 2255 (Criminal Court Doc. 112).[1]   After entering a guilty plea to possession with intent to distribute cocaine base ("crack"), in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(C), Rogers received a 210 month sentence (Criminal Doc. 92-Judgment) which was subsequently reduced to 137 months on December 22, 2011, after the government filed a Rule 35 motion (Criminal Doc. 111---Order Amending Judgment).   Rogers pleading is confusing but the Court discerns he claims counsel was ineffective when he failed to advise Rogers that a gun enhancement would make him ineligible to successfully complete the Court recommended 500 hours of substance abuse treatment from the Bureau of Prisons ("BOP") Residential Drug Abuse Treatment Program ("RDAP").   Rogers filed his § 2255 motion on December 17, 2012, and argues it is timely.

Approximately two months later Rogers filed a motion to withdraw his § 2255 motion (Criminal Doc. 114) but has failed to respond to the Court's subsequent Order directing him to file an affidavit acknowledging he understood the consequences of

---

[1]    Each document will be identified by the Court File Number assigned to it in the underlying criminal case.

withdrawing his § 2255 motion or show cause why his § 2255 motion should not be dismissed as time-barred (Criminal Doc. 116—June 7, 2013, Order).

Because Rogers' § 2255 motion is time-barred, the United States Attorney is not required to file an answer in this matter. For the reasons explained below, the Court concludes Rogers' § 2255 motion will be **DENIED** as time-barred (Criminal Doc. 112), his motion to withdraw his § 2255 motion will be **DENIED** as unsupported (Criminal Doc. 114), and this action will be **DISMISSED** in its entirety.

## I.    Applicable Law

Pursuant to the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), there is a one-year statute of limitation for filing a § 2255 motion.   *See* 28 U.S.C. § 2255. Title 28 U.S.C. 2255(f) provides, in relevant part, that the one-year limitation period for federal inmates seeking relief under this section shall run from the latest of–

(1)    the date on which the judgment of conviction becomes final;

(2)    the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant is prevented from making a motion by such governmental action;

(3)    the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4)    the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

## II.    Timeliness

The statute of limitations in Rogers' case commenced on the date on which his judgment of conviction became final.   *See* 28 U.S.C. § 2255(f)(1).   Rogers was sentenced to a term of imprisonment for 210 months on February 25, 2008, and his judgment was entered on March 11, 2008 (Criminal Doc. 91—Sentencing Minute Entry; Doc. 92--Judgment).   Rogers pursued a direct appeal (Criminal Doc. 93).   The United States Court of Appeals for the Sixth Circuit affirmed Rogers' conviction and sentence on October 5, 2009 (Criminal Doc. 97), and issued its mandate on October 30, 2009 (Criminal Doc. 99).

Rogers did not pursue a petition for certiorari in the Supreme Court of the United States.   "For the purposes of the limitations period of § 2255, 'a conviction becomes final at the conclusion of direct review.'"   *Brown v. United States*, 20 Fed. Appx. 373 (6th Cir. 2001) (unpublished table decision), *available in* 2001 WL 1136000, (quoting *Johnson v. United States*, 246 F.3d 655, 657 (6th Cir. 2001)).   If a defendant pursues direct review through to a petition for certiorari in the Supreme Court, direct review concludes when the Supreme Court either denies the petition for certiorari or decides the case.   When a defendant pursues a direct appeal but does not petition the United States Supreme Court for certiorari, his judgment becomes final when the time expires for filing a petition for certiorari.   *Clay v. United States*, 537 U.S. 522, 532 (2003).   A petition for a writ of certiorari to review a judgment is timely when it is filed within 90 days after entry of the judgment.   *See* Rule 13(3) Supreme Court Rules.   Rule 13 specifies that "[t]he time to file a petition for a writ of certiorari runs from the date of entry of the judgment or order sought to be reviewed, and not from the issuance date of the mandate[.]"

3

The Sixth Circuit's disposition of Rogers' case was filed on October 5, 2009 (Criminal Doc. 97). Therefore, Rogers' ninety days expired on January 4, 2010, and his judgment became final. The one-year statute of limitation for filing a § 2255 motion commenced on January 5, 2010, and expired January 4, 2011.

Rogers had one year from the time his judgment of conviction became final to file his § 2255 motion. It appears that Rogers' § 2255 motion was delivered to prison authorities on December 17, 2012. A motion filed by a prisoner is deemed filed when given to the prison authorities for mailing. *In re Sims*, 111 F.3d 45, 47 (6th Cir. 1997), (citing *Houston v. Lack*, 487 U.S. 266, 270-71 (1988)); *see* Rule 4(c) Fed. R. App. Proc. Therefore, Rogers' motion is deemed filed on December 17, 2012, almost two years after the one year statute of limitations for filing a § 2255 expired.

Rogers seemingly argues that granting him a sentence reduction pursuant to Rule 35 re-starts the one year statute of limitation for collaterally attacking his original conviction and sentence. Rogers is misguided as Congress clearly provided that a judgment of conviction and sentence of imprisonment constitutes a final judgment even if it is subsequently changed pursuant to a Rule 35 motion. *See* 18 U.S.C. § 3582(b).

The Court of Appeals for the Sixth Circuit has explained that "[w]hen a federal prisoner is resentenced following a Rule 35(b) motion by the government, the [§ 2255] statute limitations does not start from the date of the resentencing judgment. Under 18 U.S.C. § 3582(b), the defendant's original judgment of conviction remains the final judgment even if his sentence has been modified or reduced as the result of the government filing a Rule 35 motion." *Reichert v. United States,* 101 Fed. Appx. 13, 14, (6th Cir. 2004). Therefore, Rogers' 2010 judgment of conviction and sentence remains

4

his final judgment for purposes of the § 2255 statute of limitations. Consequently, he failed to timely file his § 2255 motion within one year of the date of his final judgment. Accordingly, Rogers' § 2255 is untimely.

In his final effort to avoid the one year statute of limitation for filing a motion pursuant to § 2255, Rogers asserts a later date for the commencement of the one-year statute of limitation period applies in his case. For the reasons explained below, none of the later dates for commencement of the statute of limitation are applicable in Rogers' case.

## III. LATER DATE FOR COMMENCEMENT OF STATUTE OF LIMITATIONS

### A. Title 28 U.S.C. § 2255(f)(3)

The one-year limitation period commences on the latest of one of the four dates set forth in Title 28 U.S.C. § 2255(f). As discussed above, normally the date would be the date the movant's judgment became final. 28 U.S.C. § 2255(f)(1). However, the statute of limitations may also commence from "the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review[.]" 28 U.S.C. § 2255(f)(3).

Relying on the Supreme Court's decision in *Padilla v. Kentucky,* 559 U.S. 356 (2010), Rogers seemingly submits that the one year statute of limitation in his case began to run on March 31, 2010, pursuant to § 2255(f)(3). Section 2255(f)(3), however, is inapplicable because the Supreme Court has ruled that although *Padilla* announced a new rule, "[u]nder *Teague* [*v. Lane,* 489 U.S. 288 (1989)], defendants whose convictions became final prior to *Padilla . . .* cannot benefit from its holding." *Chaidez v. United*

5

*States,* 113 S. Ct. 1103, 1113 (2013). Consequently, because Rogers' conviction became final on January 4, 2010, prior to the March 31, 2010, *Padilla* decision, § 2255(f)(3) offers him no relief.

**B.    Title 28 U.S.C. § 2255(f)(4)**

Finally, Rogers argues the statute of limitations did not begin to run until October 2, 2012−the date on which the facts supporting his claim could have been discovered through the exercise of due diligence.    Although he does not say so, the Court presumes Rogers is claiming October 2, 2012, is the date he discovered he was not eligible to successfully complete the third component of the RDAP because his sentencing guidelines calculation included the USSG Section 2D1.1(b)(1) weapon enhancement. Rogers does not offer any support for his contention that he did not discover his ineligibility for successful completion of the RDAP until October 2, 2012.    For example, Rogers has not submitted a BOP form notifying him of his ineligibility to complete the RDAP or an affidavit providing facts to support his claim that he discovered his ineligibility on October 2, 2012.    In addition, Rogers ignored the Court's June 7, 2013, Order directing him to file an affidavit to support his motion requesting to voluntarily dismiss his § 2255 motion or show cause why his § 2255 motion should not be dismissed as time-barred. Rogers' failure to respond is fatal to his § 2255 motion.

It was crucial for Rogers to provide facts to support his contention that he did not discover this claim until October 2, 2012, and that counsel failed to notify him the weapon enhancement would prevent him from successfully completing the RDAP.    Rogers has inadequately pled this claim under Rule 2(b) of the Rules Governing Section 2255 Cases in the United States District Courts, which requires claims be plead with factual specificity.

6

Rogers' claim fails to state the facts supporting this ground in violation of Rule 2(b)(2) of the Rules Governing Section 2255 Cases in the United States District Courts.

Accordingly, because Rogers' claim that counsel ineffectively failed to advise him the USSG Section 2D1.1(b)(1) weapon enhancement would prevent him from successfully completing the BOP's RDAP is factually unsupported in violation of Rule 2(b)(2) of the Rules Governing Section 2255 Cases in the United States District Courts, the timeliness of Rogers' § 2255 motion is not governed by § 2255(f) (4) and, therefore, is time-barred.

### C.     Equitable Tolling

Although Rogers' has not raised equitable tolling, out of an abundance of caution, the Court also concludes nothing in the record supports a finding that he is entitled to equitable tolling of the one-year statute of limitations.

The one year statute of limitation applicable to § 2255 motions is subject to tolling. *Solomon v. United States*, 467 F.3d 928, 935 (6th Cir. 2006) (applying equitable tolling to § 2255 motion).   Equitable tolling, however, is applied sparingly.   *Griffin v. Rogers*, 399 F.3d 626, 635 (6th Cir. 2005).   The Supreme Court has instructed that, to be entitled to equitable tolling, a habeas petitioner must show: "'(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Lawrence v. Florida*, 549 U.S. 327, 336 (2007) (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)); *see also Holland v. Florida*, 560 U.S. 631, 649 (2010).

Rogers bears the burden of showing he is entitled to equitable tolling.   *McClendon v. Sherman*, 329 F.3d 490, 494 (6th Cir. 2003).   Rogers has failed to make either the

7

diligent or extraordinary circumstance showing, and the record indicates Rogers is unable to demonstrate either prerequisite. Accordingly, equitable tolling is not applicable here.

### III. Conclusion

Accordingly, based on the foregoing reasons, Rogers' § 2255 motion will be **DENIED** as time barred, his motion to withdraw his § 2255 motion will be **DENIED** as unsupported, and this action will be **DISMISSED** in its entirety (Criminal Docs. 112, 114).

An appropriate judgment order will enter.

*/s/ Harry S. Mattice, Jr.*
HARRY S. MATTICE, JR.
UNITED STATES DISTRICT JUDGE

8